UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN HENRY FREDERICK,

    Plaintiff,

v.                                      Case No. 4:18cv482-WS-CJK

WAKULLA CORRECTIONAL
INSTITUTION, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon referral from the clerk. After reviewing the amended complaint (doc. 11), the undersigned concludes this case should be dismissed as malicious for plaintiff's abuse of the judicial process. Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Wakulla Correctional Institution. The amended complaint names correctional officers Asbell, Martenez, and Chunn as defendants. Plaintiff alleges the officers threatened him, used profane language, and "sexually slandered" him.

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). On page 4 of the civil

rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (Doc. 11, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No." At the end of the complaint, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 11, p. 7). Thus, plaintiff has in effect stated that at the time he filed this action, he had not had any federal cases dismissed as frivolous, malicious, for failure to state a claim, or before service. The amended complaint was signed and submitted to prison officials for mailing on January 30, 2019.

As a matter of course, the court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of 28 U.S.C. § 1915(g),[1] the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The

---

[1] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 4:18cv482-WS-CJK

time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that at the time plaintiff filed the amended complaint in this case, he had initiated at least five other actions that required disclosure in response to Question (D): *Frederick v. Dalton*, Case No. 6:17cv349-PGB-KRS (M.D. Fla. Mar. 13, 2017) (dismissed before service for failure to state a claim); *Frederick v. Brown*, Case No. 5:17cv75-MCR-GRJ (N.D. Fla. June 12, 2017) (dismissed before service due to Frederick's failure to prosecute); *Frederick v. Jackson Corr. Inst. Admin.*, Case No. 5:17cv78-MCR-GRJ (N.D. Fla. June 12, 2017) (dismissed before service due to Frederick's failure to prosecute); *Frederick v. Graceville Work Camp Admin.*, Case No. 5:15cv71-MCR-GRJ (N.D. Fla. June 13, 2017) (dismissed before service due to Frederick's failure to prosecute); *Frederick v. Bondi*, Case No. 6:18cv694-GAP-GJK (M.D. Fla. June 26, 2018) (dismissed before service for failure to state a claim).  These cases may be positively identified as having been filed by plaintiff because they bear his FDOC inmate number, DC # R17753.  Plaintiff did not disclose these, or any other, prior federal actions despite the complaint form's clear instructions.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the

Case No. 4:18cv482-WS-CJK

statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[2] (Doc. 11, p. 3). If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, Case No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, Case No. 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice when prisoner failed to disclose one prior federal case); *see also Strickland v. United States*, 739 F. App'x

---

[2] Plaintiff did not indicate he was unsure about his litigation history.

Case No. 4:18cv482-WS-CJK

587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.").

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 8th day of February, 2019.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.